UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL FREDRICKS,

                Plaintiff,

-against-

CATHERINE O'HAGAN WOLFE, Clerk of Court,

                Defendant.

1:24-CV-5584 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff Nigel Fredricks, who is currently incarcerated in the Green Haven Correctional Facility,[1] brings this action *pro se*.[2] He has neither paid the fees to bring this action nor filed an application to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Because Plaintiff has not paid the fees to bring this action, the Court understands that he brings this action seeking to proceed IFP. Another federal district court has recognized Plaintiff as barred, however, from filing any new federal civil action IFP while he is a prisoner. *See Fredricks v. I.R.C. Entity D.O.C.*, 9:23-CV-0112, at 3-6 (N.D.N.Y. July 11, 2023), *appeal dismissed as frivolous*, No. 23-7197 (2d Cir. June 18, 2024). That decision and order relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> [i]n no event shall a prisoner bring a civil action . . . [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds

---

[1] Plaintiff filed his complaint while incarcerated in the Coxsackie Correctional Facility.

[2] On September 13, 2024, the court received from Plaintiff a motion for an extension of time to file a notice of appeal. (ECF 1:24-CV-5584, 5.) Three days later, on September 16, 2024, the court received a letter from Plaintiff that the Court construes as a request to withdraw that motion. (ECF 2:24-CV-5584, 6.) The Court grants Plaintiff's request.

that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Although Plaintiff has filed this new federal civil action seeking IFP status, his complaint does not show that he was under imminent danger of serious physical injury at the time that he filed his complaint.[3] Instead, while he asserts that he is "under immediate danger" (ECF 1:24-CV-5584, 1, at 1), Plaintiff sues Catherine O'Hagan Wolfe, the Clerk of Court of the United States Court of Appeals for the Second Circuit, and the substance of his claims seems to be his dissatisfaction with the outcome of his previously filed *pro se* civil action in this court, *Fredricks v. Ho*, 1:21-CV-1855 (LTS) (S.D.N.Y.), as well as with the outcome of his subsequent appeal in the Court of Appeals.[4] Plaintiff is therefore barred, under Section 1915(g), from filing this action IFP as a prisoner.

---

[3] For the purposes of the exception to the Section 1915(g) filing bar, a danger "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009), is not an imminent one; rather, the danger must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

[4] By order dated June 17, 2021, the Court granted Plaintiff 60 days' leave to file an amended complaint in *Fredericks*, 1:21-CV-1855 (LTS). (ECF 1:21-CV-1855, 10.) Plaintiff filed an amended complaint in that action. (ECF 1:21-CV-1855, 13.) In an order dated September 20, 2021, and entered two days later, on September 22, 2021, however, the Court dismissed that action for failure to state a claim on which relief may be granted. (ECF 1:21-CV-1855, 16.) A notice of appeal was received by the court from Plaintiff on September 20, 2021, and entered on September 23, 2021. (ECF 1:21-CV-1855, 18.) In three separate orders each dated October 18, 2021, the Court of Appeals initially dismissed the appeal, effective November 8, 2021, unless Plaintiff filed in that court a Form D-P, an Acknowledgment and Notice of Appearance Form, and either paid the fees to appeal or sought IFP status to appeal. *Fredericks v. Whittingham*, No. 21-2362 (2d Cir. Oct. 18, 2021). The Court of Appeals ultimately issued a mandate on December 27, 2021, dismissing Plaintiff's appeal, effective November 8, 2021, because of Plaintiff's failure to either pay the fees to appeal or seek IFP status to appeal. (ECF 1:21-CV-1855, 20.) Plaintiff then filed another notice of appeal in this court, which the court received on September 2, 2022, and entered on September 16, 2022. (ECF 1:21-CV-1855, 21.) In a mandate dated December 27, 2023, but issued on January 17, 2024, the Court of Appeals dismissed Plaintiff's second appeal "because the notice of appeal was untimely filed and because the appeal is duplicative of the appeal docketed under 21-2362." (ECF 1:23-CV-1855, 22.)

## CONCLUSION

The Court denies Plaintiff's construed request to proceed IFP, and dismisses this action without prejudice, under the PLRA's "three-strikes" rule.[5] 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[6] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action without prejudice for the reason set forth in this order.

SO ORDERED.

Dated:   September 23, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[5] Plaintiff may commence a new federal civil action by paying the relevant fees. If Plaintiff does so, his complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[6] The court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this court (even if the relevant fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 228-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including a "leave to file" requirement).